IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHESTER E. JONES                                                                           PLAINTIFF

v.                         Civil No. 04-5089

JO ANNE B. BARNHART, Commissioner,
Social Security Administration                                                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Chester E. Jones appealed the Commissioner's denial of benefits to this court. On July 22, 2005, judgment was entered reversing the decision of the Administrative Law Judge and remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now moves for an award of attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA).

On September 2, 2005, plaintiff's counsel filed a request for fees and costs (Docs. #9 and #10), attaching an itemization of time spent before this court and requesting compensation for 33 hours of work (2005 minutes) at an hourly rate of $125.00 and reimbursement of $57.45 in expenses, for a total award of $4,182.45. The defendant filed a response (Doc. #11) objecting to the request as excessive. On September 29, 2005, plaintiff's counsel filed a response to the objection (Doc. #12).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302

(1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

Plaintiff requests attorney's fees under EAJA at a rate of $125.00 an hour. We find plaintiff's attorney entitled to compensation at this rate. *See* 28 U.S.C. § 2412(d)(2)(A) (setting standard maximum hourly rate at $125.00).

Plaintiff's counsel requests compensation for 2005 minutes. Defendant's objection includes 1330 minutes claimed by plaintiff's counsel from July 15, 2004, through February 14, 2005, in connection with the preparation and filing of plaintiff's brief. Defendant objects on the basis that plaintiff failed to file a brief. Counsel's response of September 29, 2005 (Doc. #12), indicates plaintiff's brief was filed on February 14, 2005. The court has checked the clerk's docket and reviewed the court's file and finds a thirty-three page brief was filed February 14, 2005 (Doc. #6). However, upon review of the submitted charges, the court will deduct 30 minutes claimed by counsel on February 14, 2005, for sending a letter and copy of the brief to the United States Attorney, as this is work more appropriately performed by support staff. The court will also deduct a total of 35 minutes spent on March 23, 2004, March 18, 2005, and April 1, 2004, as time not spent before this court.

Plaintiff's counsel also requests 120 minutes (2 hours) on April 19, 2004, to "Prepare Motion to Appear IFP; Declaration to proceed IFP; review Client's assets; Prepare Order for Court; complete Civil Cover Page." On April 19, 2004, plaintiff filed an application to proceed as a pauper, which was a two-page routine form filled out by plaintiff; a one-page motion; a two-page, plus exhibits, petition; and a one-page routine form civil cover sheet. Additionally counsel submitted a proposed

order for the court and "reviewed plaintiff's assets." The court finds counsel's submission of two-hours for this work is excessive. The application was prepared by plaintiff and review of the application should take no more than five minutes. Counsel's motion to appeal as a pauper is only one-page in length and is routinely used by plaintiff's counsel in filing her petitions in social security cases before this court. Preparation of the motion should take no longer than 10 minutes. While counsel submitted a proposed order for the court, counsel should be aware this court prepares its own orders and has not used a proposed order submitted by counsel in social security cases in several years. We find the submission of such an order unnecessary and a waste of counsel's time. Additionally, the two-page petition, along with the attachment of exhibits, should take no longer than 30 minutes to prepare. Accordingly, this court feels the 120 minutes submitted by plaintiff's counsel should be reduced by 75 minutes to 45 minutes.

Counsel also claims a total of 15 minutes spent on May 3, 2004, through May 6, 2004, receiving three PS 3811 forms indicating service on the Attorney General, Commissioner, and U.S. Attorney. This court recommends the deduction of this 15 minutes as time spent by counsel, as it is more appropriately time spent by support staff. Additionally, counsel claims 15 minutes spent on April 21, 2004, in "reviewing" the summons and letters prepared by staff and signing the relevant documents. As these documents are routinely prepared by support staff, the review and signing should take no more than 5 minutes. Accordingly, we recommend a reduction of 10 minutes to a total of 5 minutes spent by counsel.

Plaintiff's counsel also submitted a total of 55 minutes for time spent on February 8, 2005, July 25, 2005, and September 2, 2005. This court believes the claimed amount should be reduced

by 30 minutes to 25 minutes; allowing counsel 15 minutes on February 8, 2005; 5 minutes on July 25, 2005; and 5 minutes on September 2, 2005.

Plaintiff's counsel requests reimbursement of her expenses in the amount of $57.45 for cost of service and copies. Defendant objects to $40.00 claimed by counsel as expenses for 160 copies at $0.25 per copy on the basis that plaintiff did not file an appeal brief, to which the number of copies might be attributable. As plaintiff's brief was filed on February 14, 2005, we find plaintiff's request to be reasonable. Accordingly, we recommend reimbursement to plaintiff's counsel of $57.45, representing $17.45 for cost of service and $40.00 for 160 copies at $0.25 per copy. Such expenses are recoverable under EAJA. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we recommend awarding plaintiff's attorney fees and costs under EAJA in the amount of $3,828.28, representing 1810 minutes or 30.1666 hours (2005 minutes minus 195 minutes) at $125.00 per hour and $57.45 in costs. This amount should be paid in addition to, and not out of, any past-due benefits which plaintiff may be awarded in the future.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 25th day of January 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE